IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEFFREY A. PLEASANT,

    Petitioner,

v.                                     Civil Action No. 3:14CV154

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Petitioner, Jeffrey A. Pleasant, a Virginia prisoner proceeding pro se, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Pleasant challenges his convictions for robbery and use of a firearm in commission of that robbery in the Circuit Court of Chesterfield County, Virginia his petition must be brought pursuant to 28 U.S.C. § 2254. See Huff. v. Virginia, No. 3:07CV691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) (citing Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003)). By Memorandum Opinion and Order entered March 30, 2005, the Court previously dismissed a 28 U.S.C. § 2254 petition challenging these convictions. Pleasant v. True, No. 3:04CV429 (E.D. Va. Mar. 30, 2005).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear

second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Pleasant has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his convictions and sentence, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, the action will be dismissed for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

No law or evidence suggests that Pleasant is entitled to further consideration in this matter. A certificate of appealability will be denied.

The Clerk is to directed to send a copy of the Memorandum Opinion to Pleasant.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: October 14, 2014
Richmond, Virginia

3